Filed 2/14/22  P. v. Maldonado CA2/1
Opinion following transfer from Supreme Court
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B308783 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA045406) |
| v. | |
| RENE MALDONADO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, Amanda V. Lopez and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

The trial court summarily denied petitioner Rene Maldonado's Penal Code section 1170.95 petition for resentencing.[1] We previously affirmed the trial court's order, and the Supreme Court vacated our opinion with directions to reconsider the appeal in light of Senate Bill No. 775.[2] As amended by Senate Bill No. 775, section 1170.95 now allows persons convicted of attempted murder to petition for resentencing.

We again affirm the trial court's order denying Maldonado's resentencing petition. As a matter of law, Maldonado is ineligible for resentencing because he was not convicted of attempted murder based on felony murder, the natural and probable consequences doctrine, or any other theory under which malice was imputed to him based solely on his participation in a crime. (§ 1170.95, subd. (a).) Although the trial court should have appointed counsel to represent Maldonado, the error was not prejudicial.

## BACKGROUND

Maldonado, a member of the Pacoima Project Boys, attempted to kill Adam Smith, a member of the Pacoima 13 street gang, and Smith's girlfriend. (*People v. Maldonado* (Jan. 22, 2007, B18992) [nonpub. opn.] (*Maldonado I*).) A jury convicted Maldonado of two counts of attempted first degree murder and two counts of being a felon in possession of a firearm. (*People v. Maldonado* (July 30, 2019, B292272) [nonpub. opn.]

---

[1] All statutory citations are to the Penal Code.

[2] Senate Bill No. 775 (2021–2022 Reg. Sess.) effective January 1, 2022, amended section 1170.95 by Statutes 2021, chapter 551, section 2 (Senate Bill No. 775).

(*Maldonado II*).) The jury found that the attempted murders were committed willfully, deliberately, and with premeditation, and that a principal personally and intentionally used and discharged a firearm within the meaning of section 12022.53, subdivisions (b), (c), and (e)(1). (*Ibid.*) The jury also found that Maldonado committed his crimes for the benefit of a criminal street gang. (*Ibid.*) Maldonado admitted a prior serious or violent felony conviction and a prior conviction within the meaning of section 667.5, subdivision (b). (*Ibid.*)

Following Maldonado's first appeal, this court reversed one conviction for being a felon in possession of a firearm. (*Maldonado II*, *supra*, B292272.) Following remand from Maldonado's second appeal, the trial court struck the section 667.5, subdivision (b) enhancement.

## 1. *Petition for resentencing*

On July 31, 2020, Maldonado filed a petition for resentencing pursuant to section 1170.95. Maldonado stated that he "was convicted of attempted murder under the aiding and abetting theory for vicarious liability of the actions of his co-defendant." Maldonado also stated that he "was not the actual shooter" and that he was eligible for resentencing. Maldonado contended section 1170.95 permits resentencing on convictions of attempted murder.

## 2. *Order denying petition*

The trial court denied Maldonado's petition without appointing counsel and without holding a hearing. The court concluded Maldonado was ineligible for relief as a matter of law. The trial court explained that Maldonado's criminal trial did not include theories of felony murder or natural and probable

consequences. The trial court also reasoned that section 1170.95 resentencing relief does not extend to convictions for attempted murder.

## DISCUSSION

### A. Maldonado is Ineligible for Resentencing

To be convicted of murder, a jury must ordinarily find that the defendant acted with the requisite mental state, known as " 'malice aforethought.' " (*People v. Chun* (2009) 45 Cal.4th 1172, 1181, quoting § 187, subd. (a).) Until recently, the felony murder rule provided an exception that made "a killing while committing certain felonies murder without the necessity of further examining the defendant's mental state." (*Chun,* at p. 1182.) Also, until recently, the natural and probable consequences doctrine permitted a " ' "person who knowingly aids and abets [the] criminal conduct [of another person] is guilty of not only the intended crime . . . but also of any other crime the [other person] actually commits . . . that is a natural and probable consequence of the intended crime." ' [Citation.]" (*People v. Chiu* (2014) 59 Cal.4th 155, 161; see also *People v. Gentile* (2020) 10 Cal.5th 830, 845–846.)

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437), which became effective January 1, 2019, raised the level of culpability required for murder liability to be imposed under a felony murder or natural and probable consequences theory. (See Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended section 189, which defines the degrees of murder, to limit murder liability based on felony murder or a natural and probable consequences theory for a person who: (1) was the actual killer; (2) though not the actual killer, acted "with the

4

intent to kill" and "aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer" in the commission of first degree murder; or (3) was "a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).)

Senate Bill No. 1437 also amended the definition of malice in section 188 to provide that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) In addition to amending sections 188 and 189, the Legislature enacted section 1170.95. (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019.) That provision authorizes a person convicted of felony murder or murder under a natural and probable consequences theory to file with the sentencing court a petition to vacate the conviction and be resentenced. (§ 1170.95, subd. (a).)

Under the amended version of section 1170.95, subdivision (a)(2), which became effective January 1, 2022, a defendant convicted of attempted murder may be eligible for resentencing relief. The amended statute permits persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter" to file a petition for resentencing. (§ 1170.95, subd. (a).)

Maldonado was not convicted based on a no longer viable theory of attempted murder. As Maldonado recognizes, there is no crime of attempted felony murder. (*People v. Billa* (2003) 31 Cal.4th 1064, 1071, fn. 4.) Although Maldonado argues that

5

he could have been convicted based on a natural and probable consequences theory, the record does not support his contention.

After giving the introductory instruction on aiding and abetting,[3] the trial court instructed the jury that to convict Maldonado as an aider and abettor, the jury had to find Maldonado harbored the intent to aid and abet the attempted murders.[4] The trial court did not instruct Maldonado's jury with

---

[3] The trial court instructed the jury with CALCRIM No. 400 on general principles of aiding and abetting as follows: "A person may be guilty of a crime in two ways. One, he may have directly committed the crime. Two, he may have aided and abetted someone else, who committed the crime. In these instructions, I will call that other person the 'perpetrator.' A person is equally guilty of the crime whether he committed it personally or aided and abetted the perpetrator who committed it.

"Under some specific circumstances, if the evidence establishes aiding and abetting of one crime, a person may also be found guilty of other crimes that occurred during the commission of the first crime."

[4] The trial court instructed the jury with CALCRIM No. 401 as follows: "To prove that the defendant is guilty of a crime based on aiding and abetting that crime, the People must prove that:

"1.    The perpetrator committed the crime;

"2.    The defendant knew that the perpetrator intended to commit the crime;

"3.    Before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime;

"AND

CALCRIM Nos. 402 and 403, which define the natural and probable consequences doctrine and identify target and nontarget offenses.

Maldonado correctly points out that the instruction introducing aiding and abetting contains the following language: "Under some specific circumstances, if the evidence establishes aiding and abetting of one crime, a person may also be found guilty of other crimes that occurred during the commission of the first crime." That language, however, was irrelevant to his case because the trial court did not instruct the jury on the natural and probable consequences theory of aiding and abetting. The instructions, taken as a whole, simply did not permit the jury to find Maldonado guilty on a theory of natural and probable consequences because the trial court instructed the jury that it could not convict Maldonado as an aider and abettor unless the jury concluded that Maldonado shared the perpetrator's intent. Another instruction required the People prove beyond a reasonable doubt that "[w]hen the defendant acted" he acted with malice aforethought. The court further instructed the jury that malice aforethought required intent to kill.

Because Maldonado was convicted based on his own state of mind, not on any theory of imputed malice, his conviction remains valid despite changes to sections 188 and 189.

---

"4.  The defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime.

"Someone aids and abets a crime if he knows of the perpetrator's unlawful purpose and he specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime."

7

Maldonado is ineligible for resentencing under section 1170.95 as a matter of law.

Maldonado's reliance on *People v. Langi* (Jan. 12, 2022, A160262) [2022 WL 110250] for the proposition that he may be eligible for resentencing is misplaced. In *Langi*, the jury instructions permitted the jury to find the defendant guilty of second degree murder as an aider and abettor even if the aider and abettor did not know "the act he aided was life-threatening, or that he must himself have acted with indifference to human life." (*Id.* at p. *5.) In contrast, in this case, as we have explained, the instructions required the jury to find Maldonado harbored the intent to aid and abet the attempted murders. Additionally, to convict Maldonado of attempted murder, the jury was required to find he "intended to kill" and that he acted with express malice. This case did not include the instructions challenged in *Langi*.

## B.  The Error in Not Appointing Counsel to Represent Maldonado Was Harmless

After the first appeal from the petition for resentencing, our high court decided *People v. Lewis* (2021) 11 Cal.5th 952, 957, in which it held that petitioners are "entitled to the appointment of counsel upon the filing of a facially sufficient petition . . . ." *Lewis* further held that the error in failing to appoint counsel constitutes state law error and should be tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis*, at pp. 957–958.) Under this standard of prejudice, Maldonado " 'has the burden of showing "it is reasonably probable that if [he . . . ] had been afforded assistance of counsel his . . . petition would not have been summarily denied without an evidentiary hearing." ' [Citation.]" (*Id.* at p. 974.)

Under *Lewis*, the trial court erred in failing to appoint counsel to represent Maldonado. This error, however, was harmless. Because Maldonado is ineligible for relief as a matter of law, appointed counsel would not have assisted him.

## DISPOSITION

The order denying Rene Maldonado's petition for resentencing is affirmed.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.

9